36951. DAVIDSON, by Next Friend *v.* WALTER.

DECIDED JANUARY 23, 1958—

REHEARING DENIED FEBRUARY 4, 1958.

*Stowe & Andrews, Irwin R. Kimzey, Kimzey & Kimzey,* for plaintiff in error.

*Linton K. Crawford, Kimzey & Crawford,* contra.

TOWNSEND, Judge. ■ It is contended that the trial court properly directed a verdict for the defendant here because the evidence shows no publication of the alleged slanderous statements. As hereinbefore pointed out, this is true as to those statements alleged to have been made to Woody Wilson, George H. Pardue, Ralph Williams and Faye Ayers. As to the statements alleged to have been made by the defendant about the plaintiff in the presence of Dr. Benjamin Scott, the plaintiff testified positively and unequivocally that every material statement charged against the defendant was made in the office of Dr. Scott by the defendant and in her presence while the defendant and Dr. Scott were conducting an investigation regarding a theft on the college premises. The defendant and Dr. Scott both deny that

the statements were made by the defendant. They both testify that the defendant made no statements, but that everything that was said in the course of the investigation to and of the plaintiff was said by Dr. Scott. While it is true that in response to a question by the trial judge Dr. Scott testified, "I did not hear a statement from Dr. Walter that he did not care to see a dramatic act from her and if you won't tell that you stole this property that the officers can get the truth from you", his positive testimony both on direct and cross-examination must be construed to be that he did not hear this statement made for the reason that, according to his testimony, no such statement was in fact made. The three were, according to the undisputed evidence, seated for some time in Dr. Scott's office. From the testimony of all three, it is clear that they all heard everything that was said. Accordingly, this amounts to no more than a conflict in the testimony about the most material issue in the lawsuit and one which should have been submitted to the jury. The statements attributable to the defendant about the plaintiff amount to charging the plaintiff with the commission of a crime. The evidence demands a finding that these charges were false. Accordingly, if the statements were made and published as alleged in the plaintiff's petition, they established a prima facie case for the jury. The jury would have been authorized to believe plaintiff's testimony to the effect that these statements were made by the defendant and in the presence and hearing of Dr. Scott. On the other hand, the jury would have been authorized to believe the testimony of the defendant and Dr. Scott to the effect that the defendant made no such statements in the presence and hearing of Dr. Scott. While it is true that to constitute slander there must be publication, meaning that the words were not only spoken in the presence of but heard by a third person (*Pavlovski* v. *Thornton,* 89 *Ga.* 829, 15 S. E. 822), nevertheless it is presumed that persons present when the words are spoken are suffering from no impairment of their faculties and are capable of hearing the words. *Holcombe* v. *State,* 5 *Ga. App.* 47 (8) (62 S. E. 647). Here Dr. Scott's testimony that he did not hear the defendant speak the words attributed to him by the plaintiff amounts to no more than his testimony, several times repeated, that the defendant did not say those words, and thus presents a conflict in the evidence which should be resolved by a jury.

■ The decision by this court that the granting of the nonsuit was error determines that the plaintiff proved her case as laid without at the same time disproving her right to recover, by establishing the existence of other undisputed facts which show that she is not entitled to a verdict. *Clark* v. *Bandy*, 196 *Ga.* 546 (27 S. E. 2d 17). It is contended here that since the defendant was the President of Piedmont College of which the plaintiff was a student, and that since the defendant on the occasion of the alleged slander was engaged in conducting an investigation relating to college discipline, and that since the plaintiff by entering said institution as a student became bound by the constitution, bylaws, rules, regulations and common usages of the institution, any statements alleged to have been made by the defendant were privileged. This same question was made when the case was here before. It was material to the issue of whether or not the trial court erred in granting a nonsuit as it would have constituted proof of other facts defeating plaintiff's right to recover had it been privileged. In *Davidson* v. *Walter*, 93 *Ga. App.* 290, supra, it was held, and accordingly became the law of this case, that the defense presented constituted a conditional privilege the benefit of which would be lost to the defendants if it were shown that the statements were not bona fide in the prosecution of a public or private duty but used merely as a cloak for venting private malice, and that "upon the plaintiff submitting prima facie proof that the accusation was made by the defendant in the presence of Dr. Scott and that it was false, the law imputed malice to its author." Code § 105-710 provides: "In every case of privileged communications, if the privilege is used merely as a cloak for venting private malice, and not bona fide in promotion of the object for which the privilege is granted, the party defamed shall have a right of action." In *Van Gundy* v. *Wilson*, 84 *Ga. App.* 429, 433 (66 S. E. 2d 93) it is stated: "Evidence not relevant to prove the slanderous utterance may thus be relevant upon the question of malice in that it is competent to show the state of mind of the parties at the approximate time of the remarks, and is of probative value." Thus, evidence that the plaintiff was dismissed from school the following day, and lack of any evidence to show that she was guilty of the crime charged against her, is relevant to this issue also. Accordingly, both on

122

the issue of publication and on the issue of malice as affecting the conditional privilege relied upon by the defendants, a jury question was presented.

The judgment of the trial court directing a verdict for the defendant was error.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*