DABNEY & FOUCHÉ, for defendant.

---

## PAVLOVSKI v. THORNTON.

1. A married woman though living with her husband may maintain in her own name, and without joining him with her, an action for slanderous words alleged to have been used of and concerning herself. *City of Atlanta* v. *Dorsey*, 73 *Ga.* 479.

2. It is no defence to an action for slander that the words were used *to* and not *of* the plaintiff, when it appears by undisputed evidence that others were present and heard the words spoken. Consequently, a charge that if the defendant spoke words admitted to be actionable to and in the presence of the plaintiff, she would have the right to recover, though not entirely correct in the abstract, is no cause for a new trial when the proof shows beyond controversy that others were present and heard the words used, especially when, in other portions of the charge, the court in substance instructed the jury there could be no recovery unless the words were heard by another or others than the plaintiff, and it is manifest that the jury so understood.

3. The verdict was amply supported by the evidence, and, the worldly circumstances of the defendant not being shown, it does not appear to this court to have been excessive. There was no error in refusing a new trial.　　　*Judgment affirmed.*

August 27, 1892.

Action. Married woman. Slander. Damages. Before Judge MADDOX. Floyd superior court. September term, 1891.

Mrs. Thornton sued Pavlovski for damages, alleging that he falsely and maliciously said of and concerning

her, " She is a whoring bitch," and " She is no lady," meaning thereby that she was a prostitute ; also, " She is no better than Mollie Darling," a woman of notoriously lewd character and the keeper of a lewd house in the city of Rome. Also, that she was no lady, that he went to show her a room which she desired to rent, that when they went into the room she shut the door, that there was a bed in the room, and that she was no lady. By which false and malicious words he meant, and was so understood by his hearers, that she was a prostitute. The defendant pleaded that if the words were spoken, it was under the following circumstances : The plaintiff, together with her husband, was living in the defendant's house where he and his wife lived, occupying separate rooms from plaintiff and her husband, and necessarily their social contact was close ; and various persons came to defendant and spoke disparagingly of the plaintiff as to her chastity, and of the impropriety of defendant's wife associating with her ; and defendant desiring to protect his wife from association with a person whose reputation in this regard was not good, without any ill will or malice toward the plaintiff the words were spoken to the wife of defendant. He further says that if the words were spoken, they were spoken to his wife, and therefore were privileged. The jury found for the plaintiff $1,750. The defendant excepted to the overruling of his motion for a nonsuit, and to the denial of a new trial. The ground for a nonsuit was, that it appeared from the evidence for the plaintiff that at the time the words were spoken, at the time of bringing the suit, and at present, the plaintiff was a married woman living with her husband, and therefore there was no right of action in her without joining her husband ; and the complaint being for damages to the reputation of the plaintiff, the right of action belonged to the husband, and the wife in her own right could not maintain it. The grounds for a new trial are :

The verdict is contrary to law and evidence. It being clearly made to appear that the slanderous words, if spoken by the defendant, were spoken to the plaintiff or to the defendant's wife, and if spoken to the plaintiff, in a quarrel between her and the defendant, they were not so spoken and said of her as to constitute slander, and therefore they were not so spoken as to be the basis of an action for slander; and if they were spoken to the wife of the defendant, they were privileged. The words spoken of the plaintiff were not actionable, being spoken to the plaintiff at the time and under the circumstances they were, it not being made to appear they were spoken to injure plaintiff's reputation. The evidence does not support and follow the case made in the declaration, the declaration alleging that the words were spoken of the plaintiff, and the evidence showing that they were spoken to her.

The verdict is grossly excessive, and shows that the jury were governed by and acted upon undue prejudice against the defendant. The words, if spoken at all, were spoken under such circumstances as not to call for such vindictive damages as the jury allowed; for it clearly appeared that the defendant at the time was laboring under some aberration of mind, and therefore could not be legally held to rigid accountability therefor. The evidence failed to show that the words were maliciously spoken, and to injure the reputation and character of the plaintiff. And the jury disregarded and found contrary to the following charge of the court, and the evidence upon which it was based: "It is your privilege and right to take into consideration the surrounding circumstances under which these words were spoken, if spoken; you are to consider whether maliciously done, or whether the party was simply drunk or drinking, whether there was any malice or things of that sort. If you find that it was just simply the ravings of a drunk

man or something of that sort, then the damages in this case ought to be modified to that extent."

The court charged that if the defendant spoke these words to and in the presence of the plaintiff, she would have the right to recover. This is alleged to be contrary to law, *i. e.* the words, to constitute slander, must be spoken to a third person and not to the plaintiff herself.

GEORGE & WALTER HARRIS and ALEXANDER & WRIGHT, for plaintiff in error.

WRIGHT & MEYERHARDT, *contra.*