McFARLAN *v.* MANGET.

BELL, J. 1. Where a demurrer to a petition was filed after the expiration of the time allowed by law, but the case had not been marked in default, it was not error to refuse to strike the demurrer because not filed in time. *Glass* v. *Allen,* 141 *Ga.* 30 (80 S. E. 284); *Chero-Cola Co.* v. *Southern Express Co.,* 150 *Ga.* 430 (104 S. E. 233); *Hill* v. *Cox,* 151 *Ga.* 599 (107 S. E. 850).

2. An injunction will not be granted to restrain a slander or libel, when there is no infringement of a property right. If there is any exception to this rule, the present case falls within the rule, and not the exception. *Singer Co.* v. *Domestic Co.,* 49 *Ga.* 70; *Bell* v. *Singer Co.,* 65 *Ga.* 453; Marlin Firearms Co. *v.* Shields, 171 N. Y. 384 (64 N. E. 163, 59 L. R. A. 310); *Howell* v. *Bee* Publishing Co., 100 Neb. 39 (158 N. W. 358, L. R. A. 1917A, 160, Ann. Cas. 1917D, 655); 17 R. C. L. 371, § 121.

3. The alleged slander referred to in paragraphs 1, 2, and 3 of the petition occurred more than one year before the filing of the suit, and was thus barred by the statute of limitations. Civil Code (1910), § 4497; *Irvin* v. *Bentley,* 18 *Ga. App.* 662 (90 S. E. 359).

4. Publication of a libel is essential to a recovery. *Howe* v. *Bradstreet Co.,* 135 *Ga.* 564 (69 S. E. 1082, Ann. Cas. 1912A, 214); *Wallace* v. *Southern Express Co.,* 7 *Ga. App.* 565 (67 S. E. 694). The alleged libelous letters were addressed to the plaintiff herself, and it does not appear that the defendant ever caused or allowed the letters to be read by any other person. The petition therefore failed to state a cause of action for libel. *Bankers Mutual Co.* v. *Peoples Bank of Talbotton,* 127 *Ga.* 326 (2) (56 S. E. 429); *Schoen* v. *Maryland Casualty Co.,* 147 *Ga.* 151 (93 S. E. 82); 36 C. J. 1224, § 172; 37 C. J. 35, § 354; 17 R. C. L. 315, § 56.

5. Under the rulings stated above, the court did not err in sustaining the demurrer and in dismissing the petition; nor in thereafter refusing to reinstate the case, the motion to reinstate having been based solely on the ground that the plaintiff was not allowed a fair opportunity to present her motion to strike the demurrer because it was not filed within the proper time.

*Judgment affirmed.* *All the Justices concur, except Russell, C. J., who dissents.*

No. 10101. APRIL 11, 1934. REHEARINGS DENIED JUNE 16, 1934.

*Eva E. McFarlan,* for plaintiff.

*James L. & Will G. Moore,* for defendant.