20028.   WALTER *v.* DAVIDSON, by Next Friend.

ARGUED MAY 12, 1958—DECIDED JUNE 4, 1958.

*Kimzey & Crawford,* for plaintiff in error.

*Irwin R. Kimzey, Kimzey & Kimzey, Herbert B. Kimzey, Stow & Andrews, Robert E. Andrews,* contra.

DUCKWORTH, Chief Justice. ■ The public gravity of this case is readily obvious when it is seen that the right of members of the faculty of a college, who are entrusted with the supervision, regulation and training of boys and girls, to speak freely with each other in the performance of those duties is involved. No one, and certainly no parent of those students would wish that the faculty abdicate or even half-heartedly perform their duties in this respect. It would be nonsense to require them to maintain discipline and moral conduct, and at the same time deny them the right to freely confer with each other revealing facts, circumstances, and suspicions of wrongdoing by any student. Would it be tolerable to deny the president the right to say anything touching student conduct, including his suspicions, even if upon investigation found groundless, of wrongdoing by any student, to any member of the faculty whose duties include maintenance of order and good conduct by the students? If they are not allowed to talk, then will the law deny them the right to punish, such as campus confinement, overtime study or other similar punishment on the idea that such is imprisonment or involuntary servitude? This case can not be justly decided if the fact that it involves the relationship, standards and duties of a college faculty and the students is lost sight of. Does a father slander his child when he accuses it of wrong in the presence of its mother? The parent-child relationship very closely parallels that of a college faculty and students on matters of discipline, discovering misconduct and punishing therefor. Any legal restraint of either parent or faculty in the reasonable discharge of duty, not only would not be beneficial to the child or student but might well be disastrous to them. Neither the home nor the school can properly and successfully function if faculty or parent authority to control and discipline is withheld. In such a case each will be degraded from its noble objective of producing worthy citizens to become

incubators for breeding criminals. There is neither law nor good sense for denying or fettering such powers.

Publication is indispensable to recovery for slander. *Pavlovski* v. *Thornton*, 89 *Ga.* 829 (15 S. E. 822). The Court of Appeals has held that an accusation by an officer of a corporation dictated to his stenographer and addressed to another officer of that corporation against a third person is not slander because it is not published. *Central of Ga. Ry. Co.* v. *Jones*, 18 *Ga. App.* 414 (89 S. E. 429); *Beck* v. *Oden*, 64 *Ga. App.* 407 (13 S. E. 2d 468). Will the law allow privileges in this matter to officers of a corporation engaged in business for profit, and deny it to officers of a college engaged in an unselfish effort to build good citizens by educating and training boys and girls? Such is not the law. The college faculty members are entitled to the same privilege, and the law will protect them in exercising it.

With the foregoing statement of the law our ruling upon the question presented by the petition for certiorari becomes obvious. The Court of Appeals reversed the judgment directing a verdict for the defendant, holding that since the plaintiff testified that the defendant, Dr. Walter, President of Piedmont College, made the statements alleged to be slanderous to her in an office where Dr. Benjamin Scott, Chaplain and Disciplinarian of the college, was present, the testimony of Dr. Scott that he did not hear it made an issue as to whether or not the statements were thereby published, and reversed the lower court, citing *Holcombe* v. *State*, 5 *Ga. App.* 47 (62 S. E. 647). It was not shown that the statements were spoken audibly, and, if so, loud enough to have been heard. Had there been such evidence an issue as to whether it was heard or not would have been made. But a total absence of such evidence demanded the verdict upon the question of publication. *Todd* v. *State*, 205 *Ga.* 363, 366 (53 S. E. 2d 906). Failure of the plaintiff to return to the witness stand and rebut the positive testimony of Dr. Scott that he did not hear the statements, by testifying that they were spoken audibly and were loud enough to have been heard by him must be construed to mean that such was not the truth, and for this reason she did not so testify. As a matter of fact the testimony is easily and readily reconcilable, and courts have a duty to

do so, if, possible, to avoid imputing perjury to any witness. The president could have spoken as she so testified but it was inaudible and Dr. Scott did not hear it. These facts render the case of *Holcombe* v. *State,* 5 *Ga. App.* 47, supra, cited by the Court of Appeals, inapplicable.

■ But it might be contended that, since at one point the plaintiff testified that Dr. Walter raised his voice, this was sufficient to raise an issue of fact. Raised from what to what? After it was thus raised was it loud enough to have been heard by Dr. Scott? She does not give the opinion that it thus was raised. But conceding but not deciding that such testimony was sufficient to make an issue for the jury as to whether or not Dr. Scott heard it, the verdict for the defendant was even in that event demanded. Dr. Scott and President Walter were both members of the faculty of Piedmont College. Both were invested with authority and charged with the duty of maintaining good student behavior. They were engaged in the performance of this duty, and the alleged statements of the president pertained to the stealing in the student dormitory of which the plaintiff testified she was aware. Statements by either of such faculty members relating to that stealing by students in the hearing of or to the other are not publications or communications which are essential to constitute actionable slander. *Pavlovski* v. *Thornton,* 89 *Ga.* 829, supra. Statements by either in the hearing of the other concerning such matters are the legal equivalent of speaking only to one's self and are not publications.

While the ruling of the Court of Appeals in *Davidson* v. *Walter,* 93 *Ga. App.* 290 (91 S. E. 2d 520), holding that the petition alleged a cause of action, constitutes the law of the case, yet it is no legal obstacle to our ruling that the evidence demanded the verdict for the defendants. The petition described the person alleged to have been present when the statements were made by the defendant as Dr. Benjamin Scott, an employee of the college. Thus is seen that the petition did not show him to be chaplain and an officer of the college charged with the duty of controlling student conduct as the evidence we are now reviewing shows him to have been. Certainly a janitor is an em-

ployee and there may be many other employees, all without a duty or authority to control student conduct, and obviously slanderous statements about a student stated to such employees would be publication in contemplation of the law.

The verdict for the defendant was demanded, and the Court of Appeals erred in reversing the same.

*Judgment reversed. All the Justices concur.*