37321. GARRETT *v.* LOCKHEED AIRCRAFT CORPORATION *et al.*

DECIDED SEPTEMBER 30, 1958—
REHEARING DENIED OCTOBER 23, 1958.

444

*Ernest Stone, Jr.*, for plaintiff in error.

*Albert J. Henderson, Jr., Smith, Kilpatrick, Cody, Rogers & McClatchey, Harry S. Baxter, Moise, Post & Gardner, R. Emerson Gardner, Hugh E. Wright*, contra.

NICHOLS, Judge. The decision of the Supreme Court in *Walter v. Davidson*, 214 *Ga.* 187 (104 S. E. 2d 113), and the cases cited therein control the case sub judice, because the pleadings do not make it appear that there was any publication of the alleged libelous statements. It was alleged that, in discussing the occurrence set forth in the petition, the defendant Miller stated, with reference to the plaintiff, "that boy's crazy," but no allegation is made that anyone other than the defendant Thomas heard such statement. Both Thomas and Miller were supervisors of the plaintiff and were discussing the incident which was the beginning of the controversy between the parties. Nor was the statement allegedly made by the defendant Dr. Hamilton, a resident physician for the defendant corporation, shown to have been made in the presence of anyone who would come within the category of those to whom a publication could be made. See *Central of Ga. Ry. Co.* v. *Jones*, 18 *Ga. App.* 414 (89 S. E. 429), and *Beck* v. *Oden*, 64 *Ga. App.* 407 (13 S. E. 2d 468).

The plaintiff's petition further alleged with reference to the alleged slander, "that the defendant corporation . . . and said defendants Miller and Thomas have continued and committed additional acts of defamation slanderous to the plaintiff by causing unwarranted and unfounded complaints concerning the work of the plaintiff to issue."

The petition does not allege to whom such alleged unwar-

ranted complaints were made, and under the decision of this court in *Beck* v. *Oden,* 64 *Ga. App.* 407, supra, at page 412, and the cases there cited, such allegations, on general demurrer, must be construed as alleging that such complaints were made only to that class of persons to whom such communications would be privileged, to wit, supervisory personnel of the defendant corporation.

The plaintiff's petition failed to set forth a cause of action against any of the defendants and the trial court did not err in sustaining the defendants' general demurrers and in dismissing the petition.

*Judgment affirmed. Felton, C.J., and Quillian, J., concur.*