46871.   LuALLEN v. HOME MISSION BOARD OF THE SOUTHERN BAPTIST CONVENTION et al.

ARGUED JANUARY 31, 1972—DECIDED FEBRUARY 9, 1972.

*Joseph U. McDow,* for appellant.

*Long, Weinberg, Ansley & Wheeler, Ben L. Weinberg, Jr., J. Stephen Jenkins,* for appellees.

EBERHARDT, Judge. ■ The grant of a summary judgment as to one of several defendants is an appealable order. *Code Ann.* § 81A-156 (h); *Whisenhunt v. Allen Parker Co.,* 119 Ga. App. 813 (1) (168 SE2d 827).

■ The undisputed evidence shows that the report or memorandum written as an evaluation of Mrs. LuAllen as an employee was written by her immediate supervisor, both being employees of the Home Mission Board of the Southern Baptist Convention, a corporation, and that it went only to Mrs. LuAllen herself, to Mr. Dan McQueen, who was the director of the Business Services Division of the Home Mission Board, that being the division in which Mrs. LuAllen was employed, and to the members of the office personnel committee, whose duties consisted of reviewing the performance of employees and making determinations as to whether they would be retained in the job, transferred to some other, promoted, or discharged, and to the secretary of the committee who maintained the personnel files. This did not amount to a proscribed publication of the report, and it can not support an action against the corporation for

libel. *Sheftall v. Central of Ga. R. Co.,* 123 Ga. 589 (1) (51 SE 646); *Central of Ga. R. Co. v. Jones,* 18 Ga. App. 414 (89 SE 429); *George v. Ga. Power Co.,* 43 Ga. App. 596 (159 SE 756). Whether the report was written maliciously and with knowledge of falsity is immaterial when there has been no publication. *Beck v. Oden,* 64 Ga. App. 407 (13 SE2d 468); *McCravy v. Schneer's,* 47 Ga. App. 703 (171 SE 391).

We do not reach or decide the issues as to whether the report, if published, would have amounted to libel, and, if so, whether it was a privileged communication and for that reason would not support an action for libel.

*Judgment affirmed. Jordan, P. J., and Evans, J., concur.*