56651. LAND v. DELTA AIRLINES, INC. et al.

DEEN, Presiding Judge.

1. Information to and from the Employment Security Agency of the Georgia Department of Labor is the subject of absolute privilege in an action for defamation. Thus even if the memorandum in question were false and malicious its contents would not be actionable. Code § 54-642.1; *Brantley v. Heller*, 101 Ga. App. 16 (112 SE2d 685) (1960); *Cornell v. Coastal Broadcasting, Inc.*, 105 Ga. App. 410 (124 SE2d 679) (1962).

2. Reports prepared by an immediate supervisor of a corporate employee evaluating her performance and intended for use by personnel employees within the corporation are conditionally privileged. There is no publication where the report is circulated only to those whose responsibility it would be to be cognizant of such facts. *LuAllen v. Home Mission Bd. of Southern Baptist Convention*, 125 Ga. App. 456 (188 SE2d 138) (1972).

3. Proof of falsity and malice cannot destroy the defense of absolute privilege, but actual malice will remove a conditional privilege. *Atlanta News Pub. Co. v. Medlock*, 123 Ga. 714 (2, 3) (51 SE 756) (1905).

4. An oral publication of a written defamation constitutes libel, not slander, and in such case the normal rules of respondeat superior would apply. *Garren v. Southland Corp.*, 237 Ga. 484 (228 SE2d 870) (1976). Nevertheless, the statement of the plaintiff in a deposition that she was told by a third person "that Delta told Eastern that Delta would not hire me back . . . I couldn't have the job because Eastern had checked out the application and Delta told them that Delta would not hire me back" is hearsay and has no probative value. *Davis v. Haupt Bros. Gas Co.*, 131 Ga. App. 628 (2) (206 SE2d 598) (1974).

5. "To make the defense of privilege complete, in an action of slander or libel, good faith, an interest to be upheld, a statement properly limited in its scope, a proper occasion, and publication to proper persons must all appear. The absence of any one or more of these constituent elements will, as a general rule, prevent the

party from relying on the privilege." *Sheftall v. Central of Ga. R. Co.,* 123 Ga. 589 (5) (51 SE 646) (1905).

6. "As a general rule, a communication in respect of the character or qualifications of an employee or former employee may be made to any person who has a legitimate interest in the subject matter thereof, such as a prospective employer." 50 AmJur2d 793, Libel and Slander, § 275.

7. Applying the foregoing law to the facts of this case, it appears that the grants of summary judgment to the defendant Delta Airlines Corp. and its traffic manager Scherer were proper. The plaintiff Land was a former temporary employee of Delta working under defendant Scherer. After her discharge she applied for employment with Eastern Airlines, Inc. and was refused. The affidavit of Owen, a ticket officer for a group of scheduled airlines, states that Eastern checked out the plaintiff's Delta reference, received an unfavorable report, and refused to hire her for this reason. This statement, also, appears to have been hearsay, but even taking it into account no actionable defamation is shown. Delta's personnel file, to which the plaintiff was given access, showed only two documents which might be considered derogatory. The first, from the Employment Security Agency, was absolutely privileged. The second, a memorandum from Scherer to his superiors explaining his reasons for wanting the plaintiff replaced, was conditionally privileged and there is no slightest indication either that Scherer was motivated by malice or that there was publication beyond that approved by *LuAllen,* supra. The affidavit avers that there was no publication beyond the department.

The plaintiff presumably relies on an inference that the derogatory matter (none of which was libelous per se) which was in her personnel file was communicated to Eastern Airlines personnel by some person connected with Delta, acting within the scope of his authority. She alleges that it was false and that the communication was malicious. Malice to avoid qualified privilege must be actual and with evil intent. *Edmonds v. Atlanta Newspapers,* 92 Ga. App. 15, 21 (87 SE2d 415) (1955). Except for a general and conclusory allegation of malice,

insufficient to remove the case from the general rule, the motion for summary judgment is not opposed by any evidence (a) that the material in the plaintiff's file was false, (b) that it was disseminated to employees of Eastern Airlines, (c) that this was done by an employee of Delta acting within the scope of his employment, or (d) that it was done maliciously. It may indeed be inferred that when the plaintiff put Delta Airlines down as a reference on her application, employment personnel of Eastern Airlines may have sought to verify this statement, and may have received information from employees of the Delta personnel office. Such a report would, prima facie, be protected by a conditional or qualified privilege. Further, the employees are unknown, what information, if any, they transmitted is unknown, and who, if anyone, acted upon information received to the detriment of the plaintiff is also unknown.

The plaintiff's evidence in opposition to defendant's motion for summary judgment fails to create a jury issue.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED OCTOBER 3, 1978 — DECIDED OCTOBER 25, 1978.

*Kelly, Denney, Pease & Allison, Ronald W. Self,* for appellant.

*Hatcher, Stubbs, Land, Hollis & Rothschild, J. Madden Hatcher, Jr., Robert S. Harkey,* for appellees.