60523. RAY v. HENCO ELECTRONICS, INC. et al.

McMURRAY, Presiding Judge.

This case involves an action for libel arising out of the issuance of a refund check in the amount of $6 with reference to a record player part ordered from the corporation. The defendants are the corporation, its president and sole stockholder, and an individual, who as the employee of the corporation, made the derogatory remark in writing about the customer, the plaintiff. The part or parts involved were either ordered by the plaintiff or her husband. Becoming dissatisfied with the service, the plaintiff asked for a refund of the deposit from the defendant employee. The defendant employee was authorized to order a refund check issued and in doing so instructed in writing another employee of the corporation, who issued the check, to "please refund this . . . [expletive] . . . ($6.00)." This note was initialed by the defendant employee. When the refund check was issued and mailed to the plaintiff the note with the derogatory remark was attached to the check and received by the plaintiff (the customer). Whereupon she brought this action.

The defendants have filed a motion for summary judgment with certain statements of undisputed facts attached thereto; that is, that the alleged libelous communication was written by the defendant employee to the check writer ("secretarial and administrative aide"). They contend, however, there has been no publication of the alleged libelous communication. Affidavits were also attached to the motion showing that the corporation did not condone the sending of such a derogatory note to a customer. The affidavits also contained sworn statements by the president and other employees, who could have

seen the note, that it was never seen by them when in the process of being mailed to the customer. Defendants' motion for summary judgment was granted as to the defendant corporation and its president. The court then held that the remaining defendant (now a former employee) was not a joint tortfeasor with the other defendants, and the action was dismissed without prejudice as to this individual defendant. Plaintiff appeals. *Held:*

1. Generally, the rule of respondeat superior (the principal is liable for the torts of its employee committed while acting in the scope of employment) is applicable in libel cases. See *Behre v. Nat. Cash Register Co.,* 100 Ga. 213, 214 (27 SE 986); *Garren v. Southland Corp.,* 237 Ga. 484, 485-486 (228 SE2d 870).

2. In consideration of the evidence here we are concerned with whether there has been publication of the derogatory remark, made about a customer, by the corporate defendant and defendant president and not necessarily as to whether the note was written maliciously and with knowledge of falsity. Undoubtedly the verbiage was derogatory. But it is elemental that the publication must be made to one other than the person defamed. The alleged libel here was made to the plaintiff although necessarily read by the check writer employee who issued the check and apparently attached the note to the check so as to be mailed to the plaintiff. Consequently, under the admitted facts here, there has been no showing of publication whatsoever as to the corporate defendant and the defendant president. The defamatory language was not published in mailing the letter to the plaintiff. No evidence has been presented that the defendant president of the corporation had any knowledge of the contents at the time it was mailed. If the letter was circulated by the plaintiff the defendants could not be held responsible for such publication. *Beck v. Oden,* 64 Ga. App. 407, 412 (13 SE2d 468); *Howe v. Bradstreet Company,* 135 Ga. 564 (69 SE 1082); *McFarlan v. Manget,* 179 Ga. 17 (4) (174 SE 712). See *Central of Ga. R. Co. v. Jones,* 18 Ga. App. 414 (89 SE 429); *LuAllen v. Home Mission Bd. of the Southern Baptist Convention,* 125 Ga. App. 456 (188 SE2d 138).

As publication of the libelous matter is essential to recovery, the trial court did not err in sustaining the motion for summary judgment in favor of the defendant corporation and its defendant president. See *McCravy v. Schneer's,* 47 Ga. App. 703 (171 SE 391).

3. As to the remaining defendant (now a former employee) who wrote the note to the check writer and which note contained the derogatory remark and alleged defamation of character as to the plaintiff, the trial court did not err in holding that there was lack of venue in the trial court. The suit was filed and served upon him on January 10, 1979. His disposition was taken on May 3, 1979, showing

that he had been a resident of another county for approximately six months prior thereto. The evidence shows that he was a nonresident of Fulton County and not subject to the jurisdiction of that court at the time of service.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED SEPTEMBER 4, 1980 — DECIDED OCTOBER 16, 1980 — REHEARING DENIED NOVEMBER 12, 1980.

*John L. Watson, Jr.,* for appellant.
*Benjamin S. Williams, J. Kenneth Moorman,* for appellees.