75268. MADDEN-LEE v. DAY'S INNS OF AMERICA, INC. et al.
(361 SE2d 714)

DEEN, Presiding Judge.

Appellant, Brenda Madden-Lee, brought a multi-count lawsuit against Day's Inns of America, David D. Workman, and Commercial Management Co., Inc., after her position as a general manager of a motel was eliminated. She alleged wrongful termination, defamation, intentional infliction of emotional distress, interference with property rights, and wrongful interference with contract rights. Summary judgment was granted to all defendants. Madden-Lee appeals only the grant of summary judgment in favor of David Workman, a former senior vice president in charge of human resources for Day's Inns, on the slander count. *Held*:

The evidence showed that Madden-Lee was hired by Day's Inns as a desk clerk and eventually promoted to manager. She had no written contract of employment. Following a change in ownership, Day's Inns sold all but two of its motel properties in 1985. In May of 1985, Madden-Lee had been designated as manager of an inn to be built near Gwinnett Place Mall. During that summer, Day's Inns and Commercial Management entered into a contract in which the latter was to purchase certain Day's Inns properties in Georgia and Florida including the Gwinnett Place property. Construction on it was not completed until after the closing of the sale in November of 1985. While the inn was under construction, Madden-Lee worked out of the home office in Atlanta and later out of temporary space rented by the corporation near Gwinnett Place.

Appellant claims that at various times during her employment she was criticized by Workman who told others that she had no management skills, that she slept with other Day's Inns employees and with blacks. Madden-Lee admits that she had no personal knowledge of the unfavorable statements that she attributes to Workman and her former supervisor testified that he was present at a meeting with Day's Inns executives and Workman had stated that he did not want her retained when changes were made, but he said nothing untrue about her. This supervisor also testified that other executives in the company had asked him to speak to her about her personal life and that when he mentioned it to her she became upset. He also testified that Workman had made a comment to him in the hall as to her management ability, but he could not recall Workman's exact words. Appellant claims Workman became cold towards her and began to make the alleged comments after she attended the ballet with a black male companion. Workman admitted that he had attended the ballet with his family using company tickets, but denied that he saw her there. Another employee who attended the meeting at which it was determined that she would not be employed by Commercial Management

when the property was sold and then informed her of the decision immediately thereafter, denied that any specific comments were made by anyone about her. In her deposition, Madden-Lee admitted that long before this meeting there had been gossip within the company about her having affairs with other employees.

In August of 1985, she requested and received a two-month leave of absence for illness. During this time, Commercial Management · placed its own manager on the property. When she returned to work, Madden-Lee was offered a position with Day's Inns at either of two properties still owned by the corporation in South Carolina. She refused to accept either position and her employment was terminated. Shortly thereafter she was hired by another hotel at the same salary she received at Day's Inns although she did not receive the same bonus package.

Madden-Lee claims that her slander claim is based upon remarks that Workman made about her at a July 17, 1985, meeting when executives of Commercial Management and Day's Inns were present and that on numerous other occasions Workman told Day's Inns executives that she was "incompetent as a general manager" and "not worth a damn."

During the time period in question, Workman's position as a senior vice president made him responsible for compensation benefits, training, development and performance of employees. There is no competent evidence to support her allegation that appellee made derogatory remarks about her at the July 17 meeting.

As to the second prong of her slander allegation, appellant claims that Workman's slanderous remarks that she was "incompetent as a general manager" were made to certain Day's Inns executives do not support a cause of action. She admits that he never spoke directly to her about either her job performance or her personal life. (Indeed, Workman denied knowing anything about her personal life.) Slander actions require that the slanderous remark be published. Statements made to supervisors whose job responsibility requires them to be knowledgeable of job performance are not considered to be published. *Land v. Delta Airlines*, 147 Ga. App. 738 (250 SE2d 188) (1978); *Garrett v. Lockheed Aircraft Corp.*, 98 Ga. App. 443 (106 SE2d 333) (1958). Workman was in charge of employee relations and his communications with other Day's Inns executives were within the parameters of this privilege.

Appellant's claim that the remarks were made with malice which negated the qualified privilege is without any evidence to support it. "Malice to avoid qualified privilege must be actual and with evil intent. *Edmonds v. Atlanta Newspapers*, 92 Ga. App. 15, 21 (87 SE2d 415) (1955)." *Land v. Delta Airlines*, supra at 739. Construing the record in favor of the plaintiff and against the movant when reviewing

the grant of summary judgment, we find that it contains only conclusory allegations of malice made by the appellant without any evidence to support them. *Land v. Delta Airlines*, supra.

Judgment affirmed. *Birdsong, C. J., and Pope, J., concur.*

DECIDED OCTOBER 8, 1987.

*Charles L. Day*, for appellant.
*Ruth W. Woodling*, for appellees.