## 76213. KURTZ v. WILLIAMS.
### (371 SE2d 878)

BENHAM, Judge.

Appellant Kurtz is the superintendent of Central State Hospital and appellee Williams is an employee there. Williams filed suit against Kurtz, alleging that Kurtz had libeled and slandered him by saying that Williams, a married man, was having an extramarital affair with another hospital employee in his office during office hours. The trial court entered judgment on the jury award to appellee of $1.00 in general damages and $10,000 in exemplary damages.

1. Contrary to appellant's assertion, appellee's suit against appellant was not barred by the doctrine of official immunity. The purchase of insurance for department employees under OCGA § 45-9-1 after passage of Art. I, Sec. II, Par. IX, of the 1983 Georgia Constitution waived appellant's official immunity to the extent of the insurance coverage. *Martin v. Ga. Dept. of Public Safety*, 257 Ga. 300 (2) (357 SE2d 569) (1987). See also *Cooper v. Swofford*, 258 Ga. 143 (368 SE2d 518) (1988).

2. Appellant contends the trial court erroneously denied his motion for summary judgment and motion to reconsider and vacate the denial of summary judgment. " ' "After verdict and judgment, it is too late to review a judgment denying a summary judgment, for that judgment becomes moot when the court reviews the evidence upon the trial of the case." [Cit.]' Thus, appellant's contentions concerning the denial of [his] motion for summary judgment [and the refusal to reconsider that decision] will not be pursued further." *Hardaway Constructors v. Browning*, 176 Ga. App. 530 (2) (336 SE2d 579) (1985).

3. Asserting there was no publication of the slander, appellant contends the trial court erred in denying his motion for directed verdict.

Appellant testified that he had received an anonymous, handwritten note informing him that appellee and a female employee were having an affair while on the job. Appellant informed the hospital's deputy superintendent of the contents of the note and asked the chief of appellee's division to look into the matter. At a meeting called to discuss the possible transfer of certain personnel, including appellee,

from their unit because of problems therein, appellant informed those in attendance (the deputy superintendent, the personnel director, and the chief of appellee's division) of the contents of the anonymous note.

"Slander or oral defamation consists in: (1) Imputing to another a crime punishable by law. . . ." OCGA § 51-5-4 (a) (1). "Publication is indispensable to recover for slander. [Cit.]" *Walter v. Davidson,* 214 Ga. 187, 190 (104 SE2d 113) (1958). Generally, publication is accomplished by communication of the slander to anyone other than the person slandered. *Pavlovski v. Thornton,* 89 Ga. 829 (2) (15 SE 822) (1891). Over the years, however, an exception to the broad definition of publication has evolved: when the communication is intracorporate, or between members of unincorporated groups or associations, and is heard by one who, because of his/her duty or authority has reason to receive the information, there is no publication of the allegedly slanderous material, and without publication, there is no cause of action for slander. *Walter v. Davidson,* supra; *Madden-Lee v. Day's Inns of Amer.,* 184 Ga. App. 485 (361 SE2d 714) (1987); *Carter v. Willowrun Condominium Assn.,* 179 Ga. App. 257 (1) (345 SE2d 924) (1986); *Griggs v. K-Mart Corp.,* 175 Ga. App. 726 (334 SE2d 341) (1985); *Monahan v. Sims,* 163 Ga. App. 354 (294 SE2d 548) (1982); *Sigmon v. Womack,* 158 Ga. App. 47 (279 SE2d 254) (1981); *Davis v. Hosp. Auth. of Fulton County,* 154 Ga. App. 654 (3) (269 SE2d 867) (1980); *Jackson v. Douglas County Elec. &c. Corp.,* 150 Ga. App. 523 (1) (258 SE2d 152) (1979); *King v. Masson,* 148 Ga. App. 229 (1A) (251 SE2d 107) (1978); *Melton v. Bow,* 145 Ga. App. 272 (2) (243 SE2d 590) (1978), aff'd 241 Ga. 629 (247 SE2d 100) (1978); *Neal v. McCall,* 134 Ga. App. 680 (4) (215 SE2d 537) (1975); *LuAllen v. Home Mission Bd.,* 125 Ga. App. 456 (188 SE2d 138) (1972); *King v. Schaeffer,* 115 Ga. App. 344 (5) (154 SE2d 819) (1967); *Garrett v. Lockheed Aircraft Corp.,* 98 Ga. App. 443 (106 SE2d 333) (1958); *Beck v. Oden,* 64 Ga. App. 407 (13 SE2d 468) (1941); *Central of Ga. R. Co. v. Jones,* 18 Ga. App. 414 (1) (89 SE 429) (1916). The legal fiction that no publication has occurred when the above criteria are met is based on the sentiment that "[s]tatements by either in the hearing of the other concerning such matters are the legal equivalent of speaking only to one's self. . . ." *Walter v. Davidson,* supra, Division 2.

In the case at bar, those who heard the slander from appellant were within the administration of the hospital and had a duty or authority that gave them reason to receive the information: the hospital's deputy superintendent was responsible for everything for which the superintendent was responsible inasmuch as the two men worked as a team in managing the hospital; it was appropriate and routine for the division chief to attend a meeting at which problems in a unit

within his division were to be discussed; and the personnel director had a duty to advise the superintendent and deputy superintendent with regard to the implementation of personnel matters.

Contrary to appellee's assertion, the exception to the publication rule is not a conditional defense destroyed by proof of malice but, rather, an element of the tort of slander or libel. Whether the communication was made maliciously and with knowledge of falsity is immaterial when there has been no publication, for without publication there is no libel or slander. *King v. Masson*, supra; *LuAllen v. Home Mission Bd.*, supra; *Beck v. Oden*, supra. See also *Griggs v. K-Mart Corp.*, supra; *Ray v. Henco Electronics*, 156 Ga. App. 394 (2) (274 SE2d 602) (1980). The "qualified privilege" mentioned in *Madden-Lee v. Day's Inns*, supra at 486, refers to OCGA § 51-5-7. See also *Land v. Delta Airlines*, 147 Ga. App. 738 (2) (250 SE2d 188) (1978). That conditional privilege is lost upon proof of malice. OCGA § 51-5-9. However, before a plaintiff reaches the questions of conditional privilege and loss thereof, the plaintiff must prove the elements of the tort, including publication. If a personnel report is written by a supervisor who has the duty to write the report and it is sent to the keeper of personnel records, there is no publication of that report, and any allegedly defamatory material contained therein, no matter how malicious, is not actionable. However, if the same malicious report is sent to others who do not have a duty or authorization to receive it, the report is published, and the plaintiff, having proved the elements of the tort, need only establish that the author acted maliciously in writing and sending the report in order to establish a right to damages.

In the case at bar, there was no proof that the slanderous material was ever published. Therefore, the trial court erred in denying appellant's motion for directed verdict.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED JULY 1, 1988 —
REHEARING DENIED JULY 25, 1988

*Michael J. Bowers, Attorney General, H. Perry Michael, Senior Assistant Attorney General, William C. Joy, Senior Assistant Attorney General, Patricia Downing, Assistant Attorney General, John A. Draughon*, for appellant.

*George L. Dickens, Jr.*, for appellee.