## A89A1487. WILLIAMS v. COOK.
### (386 SE2d 665)

Deen, Presiding Judge.

Appellant Williams, a psychologist employed at Central State Hospital, was transferred from his position because of complaints that patients in the unit in which he worked had been abused by certain employees, a situation of which Williams allegedly had known but had failed to report to his superiors. There were also complaints that Williams could not get along with his fellow workers.

During the period of time before the decision to transfer Williams was finalized, there came to the attention of the hospital's superintendent an unsigned hand-written letter stating that a named female employee in Williams' unit was spending an inordinate amount of time with Williams behind the closed doors of his office. The superintendent showed the letter to the deputy superintendent, and they agreed not to pursue the matter because it did not impress them as being reliable information.

During the course of the deliberations as to whether Williams should be transferred, the superintendent mentioned the existence of the letter to several persons in the direct chain of command over Williams, including appellee Cook, who was Treatment Unit Chief of the Long-Term Care Division. The hospital's personnel officer was also told. After the decision to transfer Williams was made, it was Cook's duty to tell Williams' immediate supervisor, one Cowan, of the decision. He did so in private, giving Cowan the reasons for the decision and mentioning the letter as one of the reasons. Cook then asked Cowan to be present during the forthcoming private meeting with Williams at which the latter would be informed that he, along with several other persons in his unit, was being transferred. Cowan did so; Cook told Williams in Cowan's presence why he was being transferred, and mentioned the accusations made in the anonymous letter. Williams filed suit against Cook for libel and slander.[1] Cook moved for summary judgment, alleging that there was no publication; that the statements of which Williams complained were privileged communications; and that appellant had failed to show actual malice, as required when the defense of privilege is raised. The trial court granted the motion. Williams appeals, enumerating as error the award of summary judgment and the assessment of costs against the plaintiff. *Held*:

1. It is well settled that a communication made by one corporate agent to another is not publication in the legal sense. See *Kurtz v.*

---

[1] Williams also sued the superintendent. In *Kurtz v. Williams*, 188 Ga. App. 14 (371 SE2d 878) (1988), the Court of Appeals reversed the denial of summary judgment to Superintendent Kurtz.

*Williams*, 188 Ga. App. 14, 15 (371 SE2d 878) (1988). Publication of allegedly defamatory information in the course of an employer's investigation of an employee's job performance, when made to persons in authority, is not "publication" within the meaning of the law. *Madden-Lee v. Day's Inns of America*, 184 Ga. App. 485 (361 SE2d 714) (1987); *Jackson v. Douglas County Elec. &c. Corp.*, 150 Ga. App. 523 (258 SE2d 152) (1979). *LuAllen v. Home Mission Bd.*, 125 Ga. App. 456 (188 SE2d 138) (1972). The record in the instant case makes it clear that those to whom the information concerning the anonymous letter and the accusation it contained was communicated were persons who, by reason of their job functions, needed to be informed of all the factors involved in the deliberations concerning Williams' possible transfer. We agree with appellee that no publication, in the legal sense, occurred here.

2. Moreover, the disclosure of the letter and its contents to the persons to whom in the instant case the disclosure was made clearly falls within the ambit of privilege. OCGA § 51-5-7 defines as privileged "statements made in good faith in the performance of a public duty; . . . statements made in good faith in the performance of a legal or moral private duty . . ." In *Jones v. J. C. Penney Co.*, 164 Ga. App. 432 (297 SE2d 339) (1982), this court held, at 434: "In defamation cases involving an employer's disclosure to other employees of the reasons for a [personnel action], the general rule is that a qualified privilege exists where the disclosure is limited to those employees who have a need to know by virtue of the nature of their duties . . ." In the instant case all those hospital employees to whom the allegedly defamatory information was communicated were persons who "ha[d] a need to know," starting with Williams' immediate supervisor up through the echelons to the deputy superintendent, and also including the head of personnel, who almost by definition "had need to know" of any change involving any of the hospital's personnel. It is difficult to conceive of a clearer-cut instance of privileged communication than that at issue here.

3. Under OCGA § 51-5-9, however, any asserted privilege is invalidated by a showing that the privilege was "used merely as a cloak for venting private malice." In the instant case appellant makes no such showing. To the contrary, the record is replete with indications that no actual malice was involved. Attached to the motion for summary judgment are the affidavits of appellee Cook and Superintendent Kurtz, recounting the circumstances under which information regarding the accusatory letter was passed along to those who for valid reasons needed to know of it, and affirming that no actual malice of any sort was involved. Moreover, the record shows that other persons were transferred at the same time as Williams, a further indication that the entire transaction was a personnel decision made by person

whose responsibility it was to make such decisions, and that Williams was not singled out in a punitive manner. See *Meyer v. Ledford*, 170 Ga. App. 245 (316 SE2d 804) (1984).

Our examination of the entire record of the instant case (including the depositions filed in the supplemental record), together with relevant law, persuades us that the trial court did not err in granting summary judgment to appellee Cook.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED SEPTEMBER 5, 1989 —
REHEARING DENIED SEPTEMBER 18, 1989 —

G. L. Dickens, Jr., for appellant.

Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, B. Patricia Downing, Assistant Attorney General, Sell & Melton, John A. Draughon, for appellee.