## A91A0858. LEPARD v. ROBB et al.
### (410 SE2d 160)

Andrews, Judge.

Lepard appeals the trial court's grant of summary judgment on his complaint for libel and slander against his employer, Pan Am and one of his supervisors, A. F. Robb.

Viewing the evidence in the light most favorable to Lepard, OCGA § 9-11-56; *Eiberger v. West*, 247 Ga. 767, 769 (1) (281 SE2d 148) (1981), the facts established that Lepard was terminated from his employment as foreman of a motor transportation pool with Pan Am at Fort Gordon on September 2, 1988. His termination resulted from an internal investigation in late August of that year, which began after Pan Am officials received information that on August 23 Lepard and another Pan Am employee had stolen a government-owned automobile battery. The investigation began on August 26, on which date the vehicle and equipment manager, Robb, told Lepard that he should not return to the Pan Am premises until the investigation was complete. On September 2, 1988, Robb sent Lepard a termination letter which stated that although the investigation for theft was inconclusive, it had exposed other violations for which Lepard was being terminated.

Approximately a month after his employment ended, Lepard returned to Fort Gordon to visit Pan Am employees, whereupon Robb told him that as an ex-employee, he was not allowed on the premises. According to Lepard, Robb's statement was made in front of other employees.

Based on this series of events, Lepard filed a complaint against Robb and Pan Am for slander and libel. In his complaint, Lepard alleged that he had been slandered and libeled on August 26 and September 2. At his deposition, Lepard claimed that his defamation claim stemmed from the September 2 letter, from Robb's instructions to him not to return to the Pan Am facilities, and from statements made to a subsequent employer by Pan Am employees that Lepard was fired for theft.

Robb and Pan Am filed a motion for summary judgment accompanied by the affidavits of Dale Tyler, the Pan Am general manager responsible for all company hiring and firing decisions, and of Robb. Tyler's affidavit stated that Lepard had been terminated for various company rule violations and not for theft. Tyler also swore that no Pan Am employee had been authorized or directed to communicate any information concerning Lepard, his job performance, or the circumstances surrounding his termination to any individual or organization. Both Robb and Tyler swore that the only people who were provided information concerning Lepard's termination were those Pan Am employees who because of their positions were required to be

aware of such facts.

In response to the motion, Lepard submitted three affidavits of Fort Gordon personnel in which each affiant swore that he had been told by a Pan Am employee, other than Tyler or Robb, that Lepard was terminated from Pan Am for theft.

The trial court granted summary judgment to Pan Am and Robb, and from that order Lepard appeals.

1. Lepard enumerates as error the trial court's finding that his libel and slander claim failed for lack of publication. Before addressing this enumeration, it is necessary to examine the incidents upon which Lepard's claim for libel and slander was based. The conceivably defamatory incidents were Robb's instructions to Lepard not to return to the Pan Am facilities, the statements made to Lepard's subsequent employer by an unknown Pan Am employee that Lepard was fired for stealing a battery and the September 2 letter.

The first two incidents do not constitute defamation in that they both lack essential elements and it was proper for the trial court to grant the motion for summary judgment on this portion of Lepard's claim. From the transcript before us, it appears that Robb requested that Lepard not return to the Pan Am property on two occasions, on August 26 at the start of the investigation and in October when he returned to Fort Gordon as an ex-employee. Neither request was slanderous, since there is no evidence that his words contained hurtful innuendo regarding Lepard's character or behavior. See *Chance v. Munford*, 178 Ga. App. 252, 253 (342 SE2d 746) (1986); OCGA § 51-5-4. Similarly, the statements from Pan Am employees that Lepard had been fired for stealing a battery do not set forth a claim for slander since there is no evidence that such statements were made at the direction of either defendant. The doctrine of respondeat superior does not apply in slander cases, and a corporation is not liable for the slanderous utterances of an agent acting within the scope of his employment, unless it affirmatively appears that the agent was expressly directed or authorized to slander the plaintiff. *Chambers v. Gap Stores*, 180 Ga. App. 233 (348 SE2d 592) (1986); *Anderson v. Housing Auth. of Atlanta*, 171 Ga. App. 841 (2) (321 SE2d 378) (1984). Since these two portions of Lepard's claim lack elements essential for a slander claim, we need not address the issue of their publication.

We now address the issue of publication with respect to the September 2 letter. "The publication of the libelous matter is essential to recovery." OCGA § 51-5-1 (b). Assuming, without concluding, that the September 2 letter constituted "libelous matter," we find that there was no evidence to authorize a finding that the letter was published and therefore the trial court's grant of summary judgment on this basis was proper.

"It is well settled that a communication made by one corporate

agent to another is not publication in the legal sense. See *Kurtz v. Williams*, 188 Ga. App. 14, 15 (371 SE2d 878) (1988). Publication of allegedly defamatory information in the course of an employers' investigation of an employee's job performance, when made to persons in authority, is not 'publication' within the meaning of the law. [Cits.]" *Williams v. Cook*, 192 Ga. App. 811 (1), 812 (386 SE2d 665) (1989); see *Monahan v. Sims*, 163 Ga. App. 354 (1) (294 SE2d 548) (1982). Here, the record is devoid of any evidence that the letter was shown to anyone who did not, by virtue of his job, need to be informed of all the factors involved in the decision to terminate Lepard. In fact, Lepard himself testified that "nobody" would see the letter. In the absence of any evidence of publication of the letter, summary judgment was proper on Lepard's entire claim. See also *Kenney v. Gilmore*, 195 Ga. App. 407 (393 SE2d 472) (1990).

2. In another enumeration, Lepard contends that the trial court erred by concluding that Lepard was not discharged for theft of government property. Because Lepard's claim fails for the reasons stated above, we need not address this enumeration.

3. Finally, Lepard claims that the trial court erred by failing to consider the depositions of George Gay and Robb and the affidavit of James O. Summers. We have reviewed these materials and found that they do not alter the propriety of the grant of summary judgment in this case.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 3, 1991.

*Watkins & Watkins, John D. Watkins*, for appellant.
*Hull, Towill, Norman & Barrett, Neal W. Dickert*, for appellees.