A92A1182. EKOKOTU v. PIZZA HUT, INC. et al.
(422 SE2d 903)

McMURRAY, Presiding Judge.

After his employment as an assistant manager for appellee Pizza Hut, Inc. ("Pizza Hut"), was terminated, appellant Sunny O. Ekokotu instituted an action against the corporation and two supervisors, appellees Doug Wong and Rick Ledford, for conspiracy to fabricate false charges of sexual harassment, libel, tortious interference with his employment and causing him severe mental and physical anguish. Appellees moved for and were granted summary judgment on all counts, from which Ekokotu appeals.

The undisputed evidence shows that appellant had difficulties fulfilling his responsibilities as an assistant manager of a Pizza Hut restaurant in Tucker, Georgia. On one occasion, appellant argued with an employee under his supervision in the presence of customers.

He referred to the employee as a "bitch" during the argument. On February 14, 1990, appellant received notice from his supervisor, Manager Rick Ledford, warning appellant that use of such profane language in the presence of customers "is a termination offense [and that] any further action of this type . . . will result in . . . termination."

On or about March 14, 1990, appellant left work after arguments with employees under his supervision. After these incidents, an unpleasant telephone conversation between appellant and Manager Rick Ledford resulted in Manager Ledford informing appellant that his management skills were deficient and that he could resign or be involuntarily terminated.

Three female employees under appellant's supervision submitted statements dated March 22, 1990, accusing appellant of sexual harassment. Manager Rick Ledford investigated the complaints, interviewing several employees and reporting findings substantiating the female employees' claims. Manager Ledford made the following conclusions in a report to his supervisor, Pizza Hut District Manager Doug Wong, and Pizza Hut Regional Personnel Manager Kathleen Parrish: "I talked to no one who was even partially supportive of [appellant]. The sexual situation is just the tip of the iceberg. All employees openly discussed his lack of management ability and the fact if [appellant] went away; he would not be missed at all. I am very confident that termination for unprofessional conduct is the only way to handle this problem. I am thankful that it was caught when it was; and sorry that it was not discovered sooner. A lot of good employees have left because of [appellant]."

District Manager Wong reviewed the investigation reports regarding appellant's "case" and reported the results of the investigation "only to [his] supervisors within Pizza Hut, Inc." It was determined that termination of appellant's employment with Pizza Hut was necessary.

The trial court granted summary judgment to the defendants on all issues, finding as a matter of law (1) that there was no publication of any libelous material and no evidence demonstrating any malice on the part of the defendants as to the alleged publication; (2) that there was no publication of any alleged slanderous comment concerning appellant and any such comment was made without the authority of Pizza Hut and/or Wong; (3) that there was insufficient evidence to maintain an action for conspiracy to defame against the defendants; (4) that appellant was not wrongfully discharged because he was an employee at will and was terminated according to Pizza Hut's policies and the results of the defendants' investigation into his alleged sexual harassment of his female co-workers; and (5) that there was no basis for appellant's claim of negligent infliction of emotional distress be-

cause he suffered no physical injury and failed to prove that the defendants defamed him. *Held*:

1. In order to recover in an action for libel the plaintiff must prove publication of the libelous matter. OCGA § 51-5-1 (b). Even assuming that the written statements or documents containing allegations of sexual harassment were seen by the persons appellant claims saw these charges or that the contents constituted "libelous mater," there was no evidence here that this information was published. All of these persons were employees of Pizza Hut. " 'It is well settled that a communication made by one corporate agent to another is not publication in the legal sense. See *Kurtz v. Williams*, 188 Ga. App. 14, 15 (371 SE2d 878) (1988). Publication of allegedly defamatory information in the course of an employer's investigation of an employee's job performance, when made to persons in authority, is not "publication" within the meaning of the law. (Cits.)' [Cits.] Here, the record is devoid of any evidence that the [sexual harassment investigation documents were] shown to anyone who did not, by virtue of his [or her] job, need to be informed of all the factors involved in the decision to terminate [appellant]." *Lepard v. Robb*, 201 Ga. App. 41, 42-43 (1) (410 SE2d 160) (1991). Accord *Green v. Sun Trust Banks*, 197 Ga. App. 804 (4) (399 SE2d 712) (1990); *Sigmon v. Womack*, 158 Ga. App. 47 (1) (279 SE2d 254) (1981).

"[This] exception to the publication rule is not a conditional defense destroyed by proof of malice, but rather, an element of the tort of slander or libel. Whether the communication was made maliciously and with knowledge of falsity is immaterial when there has been no publication, for without publication, there is no libel or slander. [Cits.]" *Kurtz v. Williams*, 188 Ga. App. 14, 16 (371 SE2d 878) (1988). Insofar as the allegations of slander are concerned, there was absolutely no evidence that Pizza Hut directed or authorized its employees to speak the words in question. " '[A] corporation is not liable for the slanderous utterances of an agent acting within the scope of his employment, unless it affirmatively appears that the agent was expressly directed or authorized to slander the plaintiff.' [Cit.]" *Mulherin v. Globe Oil Co.*, 173 Ga. App. 790 (1), 791 (328 SE2d 406) (1985).

2. Since we have held there was no proof of libel or slander, it follows that appellant has likewise failed to prove a conspiracy to defame him. "Conclusory allegations by the plaintiff of conspiracy, malice, and defamation, are insufficient — in the absence of substantiating fact or circumstances, to raise a material issue for trial." *Morton v. Stewart*, 153 Ga. App. 636, 643 (2) (b) (266 SE2d 230) (1980).

3. Appellant was an employee at will who was terminated after a proper investigation conducted by his supervisors. An employee hired at will and without contract cannot bring an action against his em-

ployer for wrongful discharge, as the employer with or without cause and regardless of its motives may discharge the employee without liability. *Borden v. Johnson*, 196 Ga. App. 288, 289 (1) (395 SE2d 628) (1990).

4. Admitting that he did not suffer any physical injury so as to be entitled to recover damages for mental and emotional distress, appellant now argues that he should recover on the theory of a "voluntary and malicious act" by the defendants in damaging his reputation. However, in order to sustain a claim for intentional infliction of emotional distress, appellant was "required to put forth evidence that defendants' behavior was wilful and wanton or intentionally directed to harm [him]; that these actions were such as would naturally humiliate, embarrass, frighten, or outrage [him]; and that the conduct caused mental suffering or wounded feelings or emotional upset or distress. [Cit.]" *Green v. Sun Trust Banks*, 197 Ga. App. 804, supra at 810, 811. There was no evidence that the conduct of the defendants approached that level of outrageousness.

5. Appellant insists that the trial court erred in failing to grant his motion to add party defendants so that his suit could have proceeded against "the right parties." His position that these individuals were indispensable parties ignores the fact that the judge found there was insufficient evidence to support his allegations, so once summary judgment was granted as to the named defendants the motion to add new parties became moot. Moreover, in his motion appellant asserted that these individuals were a part of the conspiracy to defame him, which would make them joint tortfeasors with the named defendants, and "joint tortfeasors are not indispensable parties in an action against one of them, because their liability is both joint and several. [Cit.]" *Freeman v. Low X-Ray Corp.*, 130 Ga. App. 856, 857 (204 SE2d 803) (1974). Thus, had relief been warranted it could have been afforded absent the additional parties. *First Bank & Trust Co. v. Ins. Svc. Assn.*, 154 Ga. App. 697, 698 (2) (269 SE2d 527) (1980).

6. Appellant complains that the trial court should have drawn its own order rather than sign the one tendered by the defendants, which he considers to be filled with "glaring erroneous conclusions of law," but he has produced no authority that this practice is improper or invalid. Indeed, while appellant refers in his brief to numerous errors both of fact and law made by the trial court, he cites to no competent evidence of record in support thereof. A defendant may prevail on its motion for summary judgment "by showing the court that the documents, affidavits, depositions and other evidence in the record reveal there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other dis-

putes of fact are rendered immaterial. [Cit.] A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Accord *Mauldin v. Weinstock*, 201 Ga. App. 514 (411 SE2d 370) (1991); *Sullenberger v. Grand Union Co.*, 201 Ga. App. 194 (410 SE2d 381) (1991). Since appellant failed to do so, summary judgment in favor of the defendants was correctly granted.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 9, 1992 —
RECONSIDERATION DENIED SEPTEMBER 23, 1992 —

Sunny O. Ekokotu, *pro se.*

*Swift, Currie, McGhee & Hiers, Stephen L. Cotter, David R. Hughes,* for appellees.