A97A1848. BASKIN v. ROGERS.
(493 SE2d 728)

BEASLEY, Judge.

Michael Baskin sued Brenda Rogers for slander arising out of her allegedly telling various people that Baskin, a married man, had

had extra-marital affairs and that he was currently having an affair with Malissa Bush. Rogers was awarded summary judgment. The issues are (a) whether accusations of adultery are slanderous per se, (b) whether the evidence shows publication, and (c) whether Rogers' statements to Malissa Bush were privileged as a matter of law.

1. "To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). So construed, the evidence shows Rogers made at least the following statements.

Gary Bush (Malissa's husband) approached Rogers, whom he regarded as a friend, and who he knew worked at Clark Atlanta University with Baskin, about concerns he had that Baskin and Malissa (another university employee) were having a sexual relationship. Rogers told Mr. Bush that (a) Rogers had heard Baskin had had affairs with women other than Malissa, and (b) when asked about them, Baskin had responded that as long as condoms were made, he had no need to worry.

Mr. Bush hired an investigative firm to surveil his wife. The investigator called Rogers, who volunteered that Baskin was a "womanizer" and often left school with a female during lunch.

Rogers twice approached Malissa and told her (a) she knew Malissa was having an affair with Baskin; (b) Rogers had told her mother and colleagues about it; (c) Baskin had had such liaisons with other university employees, including a Janice Smith; and (d) the Atlanta School Board had refused to offer a position to Baskin because he was a "womanizer."

Rogers confronted Baskin with her accusation concerning Malissa and Janice Smith and stated she had told unidentified colleagues and her mother of both affairs. Without identifying the source of their information, Baskin's university colleagues later told him they had heard of the liaisons.

Rogers admitted both that she discussed the supposed Malissa affair with her mother and told her husband and Gary Bush she believed that Malissa and Baskin had engaged in sexual intercourse. Rogers was also seen exiting a building with Alex Williams (another university employee) immediately after Williams phoned Malissa to tell her he knew of her affair with Baskin and that he had heard Baskin had had such relationships with other women at the university.

Baskin denies any extra-marital affairs and denies the school board position was lost because of "womanizing."

2. "Slander or oral defamation consists in [i]mputing to another a crime punishable by law," OCGA § 51-5-4 (a) (1), which adultery is.

OCGA § 16-6-19. "Words charging a person with illegal sexual intercourse with another impute a crime and are actionable per se. [Cits.]" *Ivester v. Coe*, 33 Ga. App. 620 (1) (127 SE 790) (1925); see *Melton v. Bow*, 241 Ga. 629, 630-631 (247 SE2d 100) (1978) (imputing crime of theft is actionable per se). Accusing Baskin of having sexual relations with any person other than his wife constitutes slander per se, meaning no special damages nor malice need be shown. OCGA § 51-5-4 (b); *Ivester*, supra, 33 Ga. App. at 620 (2).

Rogers attempts to differentiate the terms "having an affair" and "having sexual relations." She claims an "affair" refers to a short-lived intense relationship that may not include sex. But an "affair" commonly refers to an illicit sexual relationship. See *Kluge v. Renn*, 226 Ga. App. 898, 901 (4) (487 SE2d 391) (1997); *Kurtz v. Williams*, 188 Ga. App. 14 (371 SE2d 878) (1988); *Sparks v. Thurmond*, 171 Ga. App. 138, 141 (2) (319 SE2d 46) (1984); compare *Meyer v. Ledford*, 170 Ga. App. 245, 246 (1) (316 SE2d 804) (1984). Even if the term were ambiguous, a jury could ascribe the illicit meaning to the word and find slander. *Davis v. Copelan*, 215 Ga. App. 754, 763-764 (1) (452 SE2d 194) (1994); *Schecter v. Strickland*, 189 Ga. App. 82, 83-84 (2) (375 SE2d 93) (1988).

Rogers argues that Baskin cannot identify the specific words constituting the slander (see *Davis*, supra, 215 Ga. App. at 764 (3) (must have evidence of "specific words or statements"); *ITT Rayonier v. McLaney*, 204 Ga. App. 762, 765 (2) (420 SE2d 610) (1992)), but the evidence recited above, if believed, is otherwise.

Claiming she only told others that she had heard of the affairs, not that the affairs were fact, Rogers contends this does not constitute slander. But " '[t]alebearers are as bad as talemakers.' Every repetition of a slander originated by a third person is a wilful publication of it, rendering the person so repeating it liable to an action, and it is no defense that the speaker did not originate the slander, but heard it from another, even though he in good faith believed it to be true. [Cits.]" *Ivester*, supra, 33 Ga. App. at 621 (6); see *Davis v. Macon Telegraph Publishing Co.*, 93 Ga. App. 633, 640 (4) (92 SE2d 619) (1956); see also *Richardson v. Roberts*, 23 Ga. 215, 220 (3) (1857) (rumor cannot serve to show truth of slander).

3. Rogers defends summary judgment as proper because she did not publish the slander. "Publication is indispensable to recovery for libel or slander. [Cits.] A defamatory matter is published as soon as it is communicated to any person other than the impugned party. [Cits.]" *Roberts v. Lane*, 210 Ga. App. 10, 11 (1) (435 SE2d 227) (1993); see OCGA §§ 51-5-1 (b), 51-5-3; *Kurtz*, supra, 188 Ga. App. at 15 (3).

The evidence described above shows Rogers communicated the slander to her mother, her husband, the investigator, Malissa Bush,

Gary Bush, and possibly Alex Williams. The mother's and Williams' denials of the conversations simply present issues of credibility that are disputed by Rogers' own testimony and the testimony of others. Even though the investigator was unsure if Rogers was the source of the "womanizer" statement to him, he believed it was Rogers, and the "womanizer" term was the same term Rogers used in speaking to Malissa. Evidence supports the element of publication.

4. Rogers contends the statements to Malissa were privileged under OCGA § 51-5-7, but this ignores the statements made to Gary Bush, Alex Williams, Rogers' husband, Rogers' mother, and the investigator. Even the statements to Malissa were not necessarily privileged.

"Statements made in good faith in the performance of a legal or moral private duty" and "[s]tatements made with a good faith intent on the part of the speaker to protect his or her interest in a matter in which it is concerned" are privileged and not subject to a slander action. OCGA § 51-5-7 (2), (3). "Generally the question of whether a communication was privileged is a jury question. To make the defense of privilege complete[,] good faith, an interest to be upheld, a statement properly limited in its scope, a proper occasion, and publication to proper persons must all appear. On summary judgment the issue is simply whether defendant . . . established as a matter of law that he made privileged statements." (Citations and punctuation omitted.) *Kennedy v. Johnson,* 205 Ga. App. 220, 223 (3) (421 SE2d 746) (1992).

Aside from consideration of the other criteria, the record contains no evidence supporting a good faith belief by Rogers that (a) the Atlanta School Board denied Baskin a position because he was a "womanizer"; (b) Baskin had earlier affairs with various women at the university; or (c) Baskin had an affair with Janice Smith. Yet Rogers made all these statements to Malissa Bush. Summary judgment was error. *Kennedy,* supra, 205 Ga. App. at 223-224 (3) (summary judgment inappropriate where good faith not shown as a matter of law).

*Judgment reversed. McMurray, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED NOVEMBER 6, 1997.

*Swift, Currie, McGhee & Hiers, W. Ray Persons, Bradley S. Wolff, Monique R. Walker,* for appellant.

*Fitzgerald & Schultz, John K. Fitzgerald, Carter & Ansley, Keith L. Lindsay,* for appellee.