50404. NEAL v. McCALL et al.

PANNELL, Presiding Judge.

Petitioner, a prisoner in Georgia State Prison, filed this suit against the members of the Pardons and Paroles Board alleging that a letter to him stating the board's reasons for denial of his parole was libelous. He alleges sending copies of this letter to the warden, prison

counselor and parole supervisor was publication of same. He prays for actual and punitive damages. A hearing before the Superior Court of Fulton County was had. Affidavits, pleadings, briefs and all pertinent information concerning the hearing was before the court. Upon motion by defendants, a summary judgment was granted to defendants. The petitioner appealed to this court. *Held:*

1. The pertinent portion of Georgia Laws 1943, pp. 185, 190, reads as follows: "Before releasing any person on parole, the Board may have such person appear before it and may personally examine him. Thereafter, upon consideration, the Board shall make its finding and determine whether or not such person shall be treated [sic] a pardon, parole, or other relief within the power of such Board; and the Board shall determine the terms and conditions thereof. Notice of such determination shall be given to such person and to the prison official having him in custody."

A hearing was had and written reason for denying parole sent to the prisoner and the custodial officers within the Department of Offender Rehabilitation. It was not sent to any other persons — the affidavits show that a prisoner may request others be furnished a copy of said letter of notification, but same was not requested or sent in this case.

We make no finding that the letter in this case was libelous, in fact we would not so regard it. However, for the purpose of this decision we hold the following even if such a letter contained libelous statements.

2. The Georgia Board of Pardons and Paroles, a Division of the Georgia Department of Offender Rehabilitation, is required by law to give a prisoner notification of denial or granting of parole; and further, to notify other custodial officers, who have him in custody, of their decision.

The members of the Board in passing on and processing applications for parole exercise discretion imposed upon them by law. They are immune from suits for damages for such governmental functions. If this were not so it would be impossible to operate an orderly form of government in that the monetary threat would, in all likelihood, exert a restricting influence on the overall

functioning of this portion of our governmental system. They are not personally liable to a suit for damages for their official and discretionary acts. Any holding to the contrary, in the opinion of this writer, would have no more substance than Abraham Lincoln's turkey soup which he said was made from the shadow of a turkey.

3. The members of the Georgia Board of Pardons and Paroles are, while employed in processing of applications for parole, performing quasi-judicial functions and are immune from suits for damages for such acts. *Calhoun v. Little,* 106 Ga. 336 (32 SE2d 86); *Upshaw v. Oliver,* Dud. 241. Also see, *Paulding County v. Scoggins,* 97 Ga. 253 (23 SE 845). In this connection see also, Silver v. Dickson, 403 F2d 642 (1968), cert. den. 394 U. S. 990 (1969); Cruz v. Skelton, 502 F2d 1101 (CCA 5, 1974).

4. Further, in the case under discussion, there was no publication under the Code of 1933, Section 105-701. *Central of Ga. R. Co. v. Jones,* 18 Ga. App. 414 (89 SE 429); *George v. Georgia Power Co.,* 43 Ga. App. 596 (159 SE 756); *LuAllen v. Home Mission Board of Southern Baptist Convention,* 125 Ga. App. 456 (188 SE2d 138).

The judge below was correct in granting summary judgment for defendants.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

SUBMITTED MARCH 11, 1975 — DECIDED APRIL 29, 1975.

James Oliver Neal, *pro se.*

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Richard L. Chambers, G. Thomas Davis, Assistant Attorneys General, John W. Dunsmore, Jr., Deputy Assistant Attorney General,* for appellees.