53472. WEST END WAREHOUSES, INC. et al. v. DUNLAP.

WEBB, Judge.

This appeal is from the dismissal of a civil action for damages. Plaintiffs contended that they were damaged because of unauthorized, wanton and malicious acts of Dunlap while acting as a special master in a condemnation proceeding filed by the Housing Authority of the City of Atlanta. The trial court concluded that Dunlap as a special master was acting in a judicial capacity and was thus clothed with absolute immunity from civil liability. We agree.

Judicial officers have been shielded from civil actions for acts done in their judicial character "from the earliest dawn of jurisprudence down to the latest reported cases." *Upshaw v. Oliver,* Dudley 241, 242 (Ga. Rep. Ann. 484) (1832). See *Paulding County v. Scoggins,* 97 Ga. 253 (23 SE 845) (1895), where judicial immunity was extended to ordinaries; *Calhoun v. Little,* 106 Ga. 336 (32 SE 86) (1898) (recorder's court judge); *Hill v. Bartlett,* 126 Ga. App. 833 (192 SE2d 427) (1972) (police court recorder);

*Neal v. McCall,* 134 Ga. App. 680 (215 SE2d 537) (1975) (Board of Pardons and Paroles).

There appear to be no Georgia decisions involving immunity of special masters from civil suits. It is clear, however, that the purpose of the Act authorizing condemnation hearings before special masters (Code Ann. § 36-601a et seq.) is to provide for speedy ascertainment of just and adequate compensation under the supervision of the superior court, and in such a role the special master is simply an extension of the court, appointed by it as a semi-judicial assistant. See *Leach v. Ga. Power Co.,* 228 Ga. 16, 21 (4) (183 SE2d 755) (1971). Compare *Hale v. Owensby,* 133 Ga. 631 (1, 2) (66 SE 781) (1909) (court appointed auditor). Any further doubt that a special master is a judicial officer within contemplation of the immunity doctrine is dispelled by the Code of Judicial Conduct, effective January 1, 1974, which recites that "Anyone, whether or not a lawyer, who is an officer of a judicial system performing judicial functions, including an officer such as a referee in bankruptcy, special master, court commissioner, or magistrate, is a judge for the purpose of this Code." 231 Ga. A-1, A-14.

"[I]t is ultra-important in our democracy to preserve the doctrine of judicial immunity to enable our judges to exercise within their lawful jurisdiction untrammeled determination without apprehension of subsequent damage suits." *Hill v. Bartlett,* 126 Ga. App. 833, 840, supra. Nowhere is this more essential than in eminent domain proceedings where privately owned land, often of great value, is condemned for governmental purposes. If a special master errs while in the performance of his duties there is a remedy, just as there is when a trial court errs, but it is not a civil suit for damages.

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

Argued February 16, 1977 — Decided February 18, 1977.

*McGehee & Orthwein, Adolphus B. Orthwein, Jr.,* for appellants.

*Troutman, Sanders, Lockerman & Ashmore, Robert*

*L. Pennington, John K. Dunlap,* for appellee.