### 57387. SMITH v. HANCOCK.
### 57388. SMITH v. DUNAHOO.

Underwood, Judge.

These appeals result from a civil suit filed by Mrs. Jimmy H. Smith, pro se, seeking damages against several persons, including Dunahoo, a former Superior Court Judge of the Piedmont Judicial Circuit, and District Attorney Hancock for their allegedly improper conduct with respect to a prior civil proceeding to which Mrs. Smith's husband had been a party. The complaint alleged that Dunahoo wrongfully dismissed her husband's counterclaim in the prior lawsuit; that the trial transcript was altered; that Dunahoo prevented the arrest of the court reporter; and that he wrongfully refused to disqualify Hancock as prosecuting attorney in a criminal action against the court reporter which was urged by Mrs. Smith. As to Hancock, Mrs. Smith alleged that he refused to recover the court records allegedly stolen by the court reporter, and that he blocked the indictment of the court reporter. The trial court, on motions by Dunahoo and Hancock, dismissed them as defendants and Mrs. Smith appeals. We affirm.

Our courts have consistently held that judges are immune from liability in civil actions for acts performed in their judicial capacity. *Upshaw v. Oliver,* 1. Dud. 241 (1832); *Gault v. Wallis,* 53 Ga. 675 (1875); *Calhoun v. Little,* 106 Ga. 336 (32 SE 86) (1897); *Peacock v. National Bank & Trust Co. of Columbus, Ga.,* 241 Ga. 280 (244 SE2d 816) (1978); *West End Warehouses, Inc. v. Dunlap,*

141 Ga. App. 333 (233 SE2d 284) (1977).

"[I]t is ultra-important in our democracy to preserve the doctrine of judicial immunity to enable our judges to exercise within their lawful jurisdiction untrammeled determination without apprehension of subsequent damage suits." *Hill v. Bartlett,* 126 Ga. App. 833, 840 (192 SE2d 427) (1972).

The Supreme Court of the United States in discussing the rationale for judicial immunity has observed "[t]his immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.'" Pierson v. Ray, 386 U. S. 547, 554 (87 SC 1213, 18 LE2d 288) (1967).

As the doctrine of judicial immunity was a bar to the action against Dunahoo the trial court was correct in dismissing him as a defendant.

While there do not appear to be any Georgia cases dealing with prosecutorial immunity, this doctrine, often called quasi-judicial immunity, is nearly as well established in Anglo-American law as judicial immunity. Yaselli v. Goff, 12 F2d 396 (2nd Cir. 1926); Guedry v. Ford, 431 F2d 660 (5th Cir. 1970); Croy v. Skinner, 410 FSupp. 117 (1976). "The common-law immunity of a prosecutor is based upon the same considerations that underlie the common-law immunities of judges and grand jurors acting within the scope of their duties." Imbler v. Pachtman, 424 U. S. 409, 422 (96 SC 984, 47 LE2d 128) (1976). Prosecutors, like judges, should be free to make decisions properly within the purview of their official duties without being influenced by the shadow of liability. Therefore, a district attorney is protected by the same immunity in civil cases that is applicable to judges, provided that his acts are within the scope of his jurisdiction.

The trial court was correct in applying the doctrine of prosecutorial or quasi-judicial immunity with respect to District Attorney Hancock.

*Judgement affirmed. Banke, P. J., and Carley, J.*

82

*concur.*

Argued March 5, 1979 — Decided May 3 1979 — Rehearing denied May 23, 1979 — 

*Sliz & Rees,* for appellant.
Mrs. Jimmy H. Smith, *pro se.*
*Nat Hancock, Tony Hight, Jack S. Davidson,* for appellee (Case No. 57387).
*Mark Dunahoo, Albert Caproni, III,* for appellee (Case No. 57388).