65971. CHAMBERLAIN v. THOMPSON et al.

DEEN, Presiding Judge.

Chamberlain commenced this action against Thompson, among others, alleging false arrest and malicious prosecution. From the trial court's grant of summary judgment for Thompson, Chamberlain appeals.

Pursuant to information given by an employee of a package store, regarding a check passed on Chamberlain's account that was returned by the bank because of an irregular signature, Thompson, a justice of the peace, issued a warrant for Chamberlain's arrest for the crime of theft by deception. For expedience, Thompson had the employee sign a blank affidavit form, which was subsequently completed with the pertinent information; there was conflicting deposition testimony concerning the extent of the information related to Thompson prior to the issuance of the warrant. Chamberlain eventually was arrested, and following a preliminary hearing Thompson dismissed the warrant.

On appeal, Chamberlain contends that Thompson was not immune to suit because issuance of the warrant exceeded his jurisdiction. *Held:*

Judges are immune from liability in civil actions for acts performed in their judicial capacity. *Lamb v. Sims,* 153 Ga. App. 556 (265 SE2d 879) (1980); *Smith v. Hancock,* 150 Ga. App. 80 (256 SE2d 627) (1979). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' [Cit.]" Stump v. Sparkman, 435 U. S. 349, 356 (98 SC 1099, 55 LE2d 331, 339) (1978); *Barlow v. Yenkosky,* 146 Ga. App. 872 (247 SE2d 519) (1978).

OCGA § 15-10-50 (a) (2) (Code Ann. § 24-1501) provides that a justice of the peace shall have criminal jurisdiction "in issuing warrants for the apprehension of any person charged on oath with a violation of any penal law of this state or for the apprehension of any person who the justice of the peace officially knows has violated any such provision . . ." Thompson thus obviously had jurisdiction for the act of issuing an arrest warrant. While the warrant for Chamberlain's arrest may have been defective because of the question of whether the employee gave the information under oath, this alone would not place Thompson's act outside his jurisdictional limits. Even if his exercise of authority was so flawed by procedural error, the issuance of the warrant remained a judicial act to which immunity attached. Stump v. Sparkman, supra.

Chamberlain further argues that the issuance of the warrant was a non-judicial act because it resulted from a criminal investigation instigated by Thompson, but the record does not support such an assertion. The trial court properly concluded that judicial immunity attached in this case and granted summary judgment for Thompson.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED MARCH 16, 1983.

*William C. Tinsley II,* for appellant.
*L. Lin Wood, Jr., Bobby D. Wilson, Tony H. Hight,* for appellees.