A91A0154. EVANS v. CITY OF ATLANTA et al.
(406 SE2d 530)

McMURRAY, Presiding Judge.

This marks the second appearance of this case in our court. Previously, we ruled that plaintiff was entitled to file this action against three law enforcement officers and their governmental employers. Accordingly, we vacated the trial court's judgment denying the filing of the complaint and remanded the case to the trial court with direction. *Evans v. City of Atlanta*, 189 Ga. App. 566 (377 SE2d 31).

This appeal by plaintiff, as pro se, follows the grant of defendants' motion for summary judgment. *Held*:

1. The trial court did not err in refusing to enter a default judgment against defendant Jowers, a City of Atlanta police officer, since he was not personally served with a copy of the complaint and summons. Service upon another police officer at Jowers' place of employment did not constitute personal service upon Jowers. See *Bible v. Hughes*, 146 Ga. App. 769, 771 (247 SE2d 584) (service on physician's secretary at his office is not service upon the physician unless the secretary was appointed as an agent for service).

2. The trial court did not err in granting defendants' motion for summary judgment. Via affidavits, the law enforcement officers demonstrated that they had probable cause to arrest defendant on the night in question and that they were entitled to judgment as a matter of law. Plaintiff failed to make a response showing a genuine

issue of material fact for trial. "When a motion for summary judgment is made and supported as provided in this Code section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavit or as otherwise provided in this Code section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." OCGA § 9-11-56 (e).

3. In the previous appeal, we noted that plaintiff's claim against the municipal court judge is barred by the doctrine of judicial immunity. Accordingly, in directing the trial court to allow the filing of the complaint, we excepted the claims against the municipal court judge from our ruling. *Evans v. City of Atlanta*, 189 Ga. App. 566, supra.

Plaintiff contends the trial court erred in failing to follow our direction by not having the complaint served upon the municipal court judge. We find plaintiff's contention to be baffling, at best, and see no error.

4. It cannot be said the trial court erred in failing to serve defendants with copies of the complaint and summons. It was not incumbent upon the trial court to perfect service upon defendants. It was plaintiff's obligation to see that service was perfected pursuant to law. See *Childs v. Catlin*, 134 Ga. App. 778, 781 (216 SE2d 360).

5. The remaining enumerations of error are without merit.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED JUNE 5, 1991.

Richard Evans, *pro se.*

Lewis R. Slaton, *District Attorney,* Joseph J. Drolet, *Assistant District Attorney,* for appellee.