## A94A1109. MADDOX v. PRESCOTT.
(449 SE2d 163)

McMURRAY, Presiding Judge.

Sylvia Maddox, as next of kin and guardian of the property of the minor child, Chasity Rayon Heard, filed an action against L. Gwen Prescott, individually and in his capacity as Judge of the Probate Court of Troup County, Georgia, to recover $62,399.20 in attorney fees she allegedly paid an attorney to recover $450,000 wrongfully retained by an attorney (Gordon) for settling a wrongful death action on behalf of the minor child. Specifically, Ms. Maddox alleges that Judge Prescott entered an order entitled, "ORDER ON PETITION TO SETTLE AND COMPROMISE CLAIM," approving settlement of the child's wrongful death action and that Judge Prescott therein authorized Ms. Maddox's execution of a "GENERAL RELEASE" which provides (in pertinent part) that "[a]ttorney's fees and expenses advanced will be paid to [attorney] Ken Gordon from the settlement proceeds pursuant to the agreement of the plaintiffs [in the wrongful death action], Ken Gordon and the Probate Court." Ms. Maddox also alleges that Judge Prescott failed to approve payment of any such attorney fees and expenses of litigation and that "irrespective of the laws of the State of Georgia [imposing a duty upon the Probate Court to protect the assets of the child's estate] Judge L. Gwen Prescott, did permit and allow [attorney Gordon] to appropriate to his own use and benefit, funds in the amount of $450,000.00 at the time of the initial settlement with there being no petition to allow said encroachment and no order permitting said encroachment, although it was well known to the said L. Gwen Prescott that the attor-

ney, would be paid from said funds, and the said L. Gwen Prescott did thereby cause to be inflicted great and grievous damage against your petitioner as has been brought to light." Ms. Maddox further alleges that Judge Prescott failed to make sure that Ms. Maddox complied with her accounting duties as guardian of the child's assets; that Judge Prescott conducted a "speedy, hasty, and quiet proceeding [that] was deliberate, calculated, and intended to cover up, conceal, and hide the improper handling of the matter"[;] that Judge Prescott failed to disqualify himself from presiding over the administration of the child's affairs (inferring that the judge had "financial or other interest" in the proceeding); that "[t]he actions of [Judge] Prescott as set forth in this petition were wilful and intended to protect the selfish interests of [Judge] Prescott at the expense and detriment of your petitioner[; that the] actions of [Judge] Prescott . . . were corrupt and intended to protect his own pocketbook at the expense and detriment of your petitioner" and that Judge Prescott violated the Official Code of Judicial Conduct and refused to otherwise carry out his duties as a Judge of the Probate Court of Troup County.

Judge Prescott denied the material allegations of the complaint and asserted the defense of judicial immunity. The judge later filed a motion for summary judgment and his supporting affidavit. Ms. Maddox filed her affidavit which provides, in pertinent part, as follows: "I am the duly appointed guardian of Chasity Rayon Heard, and this action was filed in her behalf. . . . I am a layperson, unskilled in court proceedings, and have no legal training whatsoever. . . . At the proceedings in the Probate Court of Troup County, Georgia, L. Gwen Prescott held himself out to be a judge and skilled in law. The said L. Gwen Prescott held himself out to possess a superior knowledge of the law that I possessed. . . . L. Gwen Prescott, as Judge of the Probate Court of Troup County, Georgia, knew that Ken Gordon, my attorney at that time, would be paid from the proceeds to be received under the order of the compromise of the claim which he was to approve. . . . L. Gwen Prescott, to my knowledge, made no inquiry as to the payments to be made to Ken Gordon. . . . I have reviewed the pleadings filed in this case, and they accurately reflect the copies of the papers obtained by my attorney from the Probate Court of Troup County, Georgia. . . . There does not exist a copy of any contract I entered into with Ken Gordon on behalf of Chasity Rayon Heard in the office of the Probate Court of Troup County, Georgia, or in the office of Beauchamp and Associates, my second attorneys, or in the office of H. J. Thomas, Jr., upon which L. Gwen Prescott, as Judge of the Probate Court of Troup County, Georgia, could have passed any order. . . . At no time do I recall signing any papers to be presented to [for] Judge Prescott to authorize the payment of any fees to Mr. Gordon. I did sign papers to buy a car and a house for the benefit of

Chasity Rayon Heard, but that is all. . . . At no time have I received any notice from the Probate Court or Ken Gordon or Beauchamp and Associates, to file any return to the Probate Court to show how the money that was received in the settlement was invested or spent. H. J. Thomas, Jr., my present attorney, did in fact advise of this requirement and I have made a return to the court. . . . That at no time has the Probate Court of Troup County, Georgia, questioned the amount of any payment to be made to Ken Gordon, even when the matter was brought to the direct attention of L. Gwen Prescott, the Judge of said Court. . . . That L. Gwen Prescott did fail to comply with the oath of his office, to wit: I do swear that I will well and faithfully discharge the duties of judge of the probate court for the County of Troup during my continuance in office, according to law, to the best of my knowledge and ability, without favor or affection to any party, and that I will only receive my legal fees. So help me God . . . in that he did fail to 'well and faithfully discharge the duties' imposed upon him as regards making full inquiry into the matters relating to the matter of the compromise and settlement of the claim of Chasity Rayon Heard, and the manner, method and amount of payment to be made Kenneth Lamar Gordon. . . . That Judge Prescott acted improperly when he acted upon the settlement of the case against Ken Gordon for the withholding of $450,000 by him, as Judge Prescott knew or should have known that he had failed to perform his ministerial duties in the case until that date in failing to inquire as to the payment of any fees at all to him, and then trying to cover up the issue from me, an unskilled, untrained in the law, black woman. . . . That Judge Prescott acted improperly in failing to examine any fee contract of Ken Gordon with me at any time. . . . That Judge Prescott acted improperly in failing to require the filing of any return by me as guardian of the property of Chasity Rayon Heard. . . . That the actions of Judge Prescott in this matter were intended to cover up the errors he had made at the expense of Chasity Rayon Heard and to protect his own selfish interest and finances. . . . That I have been manifestly abused by the selfish interest of L. Gwen Prescott, who by his actions show[s] a total disregard for the interest of Chasity Rayon Heard."

This appeal followed entry of summary judgment in favor of Judge Prescott. *Held*:

1. "Our courts have consistently held that judges are immune from liability in civil actions for acts performed in their judicial capacity. *Upshaw v. Oliver*, 1 Dud. 241 (1832); *Gault v. Wallis*, 53 Ga. 675 (1875); *Calhoun v. Little*, 106 Ga. 336 (32 SE 86) (1897); *Peacock v. National Bank & Trust Co. of Columbus, Ga.*, 241 Ga. 280 (244 SE2d 816) (1978); *West End Warehouses, Inc. v. Dunlap*, 141 Ga. App. 333 (233 SE2d 284) (1977).

" '(I)t is ultra-important in our democracy to preserve the doctrine of judicial immunity to enable our judges to exercise within their lawful jurisdiction untrammeled determination without apprehension of subsequent damage suits.' *Hill v. Bartlett,* 126 Ga. App. 833, 840 (192 SE2d 427) (1972).

"The Supreme Court of the United States in discussing the rationale for judicial immunity has observed '(t)his immunity applies even when the judge is accused of acting maliciously and corruptly, and it "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." ' Pierson v. Ray, 386 U. S. 547, 554 (87 SC 1213, 18 LE2d 288) (1967)." *Smith v. Hancock,* 150 Ga. App. 80 (256 SE2d 627). In the case sub judice, all of the allegations asserted against Judge Prescott by Ms. Maddox were acts or omissions performed while he was acting within his authority and in his capacity as Judge of the Probate Court of Troup County, Georgia. Moreover, Ms. Maddox failed to submit any evidence supporting the claims in her complaint and affidavit. *Evans v. City of Atlanta,* 199 Ga. App. 878 (2) (406 SE2d 530). In fact, the "ORDER ON PETITION TO SETTLE AND COMPROMISE CLAIM" does not authorize an award of attorney fees to attorney Gordon and the "GENERAL RELEASE" provides only that "[a]ttorney fees and expenses advanced will be paid to Ken Gordon from the settlement proceeds pursuant to the agreement of the plaintiffs, Ken Gordon and the Probate Court." Under these circumstances, the trial court did not err in granting Judge Prescott's motion for summary judgment.

2. We decline to impose a penalty for frivolous appeal pursuant to Court of Appeals Rule 26 (b).

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED OCTOBER 7, 1994.

*H. J. Thomas, Jr.,* for appellant.
*Willis, McKenzie & Long, Edward L. Long,* for appellee.