A05A1375. WILSON v. MOORE.
(621 SE2d 507)

ADAMS, Judge.

Don P. Wilson, pro se, appeals the dismissal of his civil suit against Judge Thelma Wyatt Cummings Moore of the Superior Court of Fulton County arising out of an earlier criminal action. We affirm and sanction Wilson for a frivolous appeal.

Wilson brought suit against Judge Moore in her official and individual capacities. The trial court granted Judge Moore's motion to dismiss on the grounds of judicial immunity and granted her request for attorney fees under OCGA § 9-15-14 on the grounds that the suit has no legal or factual basis and that Wilson was "trifling with the judicial process for his own gratification."

1. On appeal of the dismissal, Wilson raises five enumerations of error, none of which challenge the dismissal of his civil suit on the grounds of judicial immunity. In argument, however, he contends that the decision below is incorrect because Judge Moore knowingly violated a law, which required that she issue findings of fact and conclusions of law in his criminal case. Wilson cites *Hunter v. Bryant*, 502 U. S. 224 (112 SC 534, 116 LE2d 589) (1991), in support, but *Hunter* addresses the qualified immunity of secret service agents, not judicial immunity, and is therefore not pertinent.

We further note that based on the information available in the record, the trial court's decision was correct under *Mireles v. Waco*, 502 U. S. 9 (112 SC 286, 116 LE2d 9) (1991). See also *Robinson v. Becker*, 265 Ga. App. 692, 694 (595 SE2d 319) (2004) (applying *Mireles*). Judicial immunity "is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." (Citations and punctuation omitted.) *Mireles*, 502 U. S. at 11-12.

In this case, Wilson's allegations pertain exclusively to Judge Moore acting in her judicial capacity, and Wilson does not claim that Judge Moore lacked subject matter jurisdiction of the earlier matter involving Wilson. See *Dykes v. Hosemann*, 776 F2d 942 (11th Cir. 1985) (where judge has subject matter jurisdiction over the matter, the case does not suffer from the absence of all jurisdiction).

2. Wilson contends that the trial court was not authorized to dismiss the case because he had "elevated" the case to federal court. This argument is frivolous because a plaintiff cannot remove a cause of action from state to federal court. See 28 USCA § 1441; *Coastal Air Svc. v. Tarco Aviation Svc.*, 301 FSupp. 586, 588 (S.D. Ga. 1969).

3. Wilson has failed to offer argument, citation of authority, or citation to the record in support of his remaining enumerations of error. "Any enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned." Court of Appeals Rule 25 (c) (2). And any enumeration not supported in the brief by specific reference to the record or transcript will not be considered by this Court. Id.; Court of Appeals Rule 25 (c) (3) (i). Accordingly, they are deemed abandoned.

4. Wilson's brief on appeal contains numerous discourteous and disparaging remarks about Judge Moore. Such remarks are strictly forbidden by Court of Appeals Rule 10 and subject Wilson to contempt under Court of Appeals Rule 7.

5. This Court hereby finds that this appeal is frivolous. Accordingly, under Court of Appeals Rule 15, Wilson shall pay a penalty of

$500. This penalty shall constitute a money judgment in favor of appellee against Wilson. Court of Appeals Rule 15 (c).

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 13, 2005 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Don P. Wilson, *pro se.*

*Thurbert E. Baker, Attorney General, John C. Jones, Senior Assistant Attorney General*, for appellee.